# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GEORGIA DUNN-CONE | ) Case No. 3:08-BK-11374 |
| | ) Chapter 11 |
| | ) Judge George C. Paine, II |
| Debtor. | ) |
| | ) |

## PLAN OF REORGANIZATION OF THE DEBTOR

This plan is a Plan of Reorganization (the "Plan") to be executed in accordance with the provisions of 11 U.S.C. Section 1123(a)(5). It is submitted by the Debtor (hereinafter "Proponent" or "Debtor"). The purpose of the Plan is to continue the operation of the business of the Reorganized Debtor by.

### ARTICLE I.

### DEFINITIONS

All terms used in the Plan shall have the same meanings as set forth in the Code, unless specifically defined to the contrary herein.

The following terms, when used in the Plan, shall, unless the context otherwise requires, have the following meanings:

1. **Allowed Claim:** A claim set out in the schedules of the Debtor, or a claim with respect to which a proof of claim has been filed, as to which no objection to allowance thereof has been interposed within the applicable period or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding, and as to which no appeal or certiorari proceeding is pending.

2. **Bankruptcy Code or Code:** The United States Bankruptcy Code 11 U.S.C. Section 101, et seq.

3. **Bankruptcy Court or Court:** The United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division.

4. **Claim:** A right against the Debtor within the meaning of Section 101(4) of the Code.

5. **Class:** Any class into which the Allowed Claims are classified.

6. **Confirmation of the Plan:** The date upon which the order confirming the Plan is entered.

7. **Substantial Consummation of the Plan:** Sixty days after the Effective Date of the plan, the initial plan payments will have been made and, absent further order, the plan will be deemed substantial completed. At such time, an appropriate application for a final decree will be filed, and this case will be closed.

8. **Debtor:** Georgia Dunn-Cone

9. **Effective Date**: The date upon which the order confirming this Plan of Reorganization becomes final and non-appealable.

10. **Executory Contracts:** Any and all executory contracts or unexpired leases to which the Debtor is a party subject to assumption or assignment pursuant to Section 365 of the Code.

11. **Insider:** Each person who is a present or former "Insider" or "affiliate" of the Debtor pursuant to Sections 101(2), 101(25) (B) or 101(25) (E) or the Code, or any successor in interest to such person.

12. **Person**: Any individual, corporation, partnership, joint venture, trust, estate, or unincorporated organization, or any government or agent or political subdivision thereof.

13. **Petition Date**: The date upon which the Debtor's case was commenced.

14. **Plan**: This Plan of Reorganization in its present form or as it may be amended or supplemented.

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1.  Allowed Administrative Claims.

Class 2.  Allowed Priority Claims of Internal Revenue Service.

Class 3.  Allowed Claim of American Services. Resume payments; cure arrearage over a period of 60 months.

Class 4. Allowed Claim of South Central Bank.  Resume payments; cure arrearage over a period of 60 months.

Class 5.  Allowed Claim of Albert Buckley, Jr. Renew on a yearly basis.

Class 6.  All General Unsecured creditors to receive pro rata share of $19,000.00.

## ARTICLE III

### TREATMENT OF CLASSES OF CLAIMS IN INTEREST

The following is a summary of treatment provided in the Plan to each Class of Claims: Except for Class 1, all other Claims are impaired to some extent.

1. Class 1 Claims: Quarterly fees owed to the United States Trustee will be paid in full on or before the confirmation Date.  The Debtor shall continue to make post-confirmation quarterly fee payment to the United States Trustee until the Plan has been substantially consummated and the case closed.  Allowed Class 1 Claims shall be paid in full within 30 days following the Effective Date of the Plan.

2. Class 2 Claims: The Internal Revenue Service holds an indebtedness of $4624.70 and is accorded priority pursuant to 11 U.S.C Sec 507(a) (8), and shall be paid in 60 equal monthly payments.

3. Class 3 Claims: America Services Company is the holder of an indebtedness in the scheduled amount of $219,000.00 which is fully secured by a first lien on the house and 5 acres located at 8121 Old Cedar Grove Road, Cross Plains, TN 37049.

4. Class 4 claims: South Central Bank is the holder of an indebtedness amount of $92247.07, and is fully secured by a lien on the house and 24 acres located at 8121 Old Cedar Grove Road, Cross Plains, TN 37049.

5. Class 5 Claims: Albert Buckley, Jr. is a holder of an scheduled amount of $35,000.00, which is secured by a lien on seven acres adjacent to house on 8121 Old Cedar Grove Road, Cross Plains, TN 37049.

6. Class 6 Claims: All General unsecured creditors.

## ARTICLE IV

### OBJECTIONS TO CLAIMS

The Reorganized Debtor or any party in interest may file an objection to any Claim in any class within 30 days after confirmation. Objections not filed within such time will be deemed waived. If any Claim or portion thereof is challenged by an objection or otherwise, the Reorganized Debtor shall not be required to pay such Claim until the court enters an order resolving such objection and allowing said Claim.

## ARTICLE V

### REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

The Debtor in Possession does not know of any Executory Contracts that exist between the Debtor and any individual or entity, whether written or oral. If any exist they are hereby rejected. A creditor or party to an Executory Contract that is rejected by the Debtor shall have an additional 30 days after the Debtor's written notice of rejection is filed with the Court in which to file a Claim. The Debtor shall have 30 days after the filing of such Claim within which to object to such Claim. All Claims arising out of rejected Executory Contracts shall be treated as Class 6 Claims.

# ARTICLE VI

## VOIDANCE OF PREFERENTIAL TRANSFERS AND FRAUDULENT CONVEYANCES

The Debtors do not have any knowledge of any preferential transfers of fraudulent conveyances which are avoidable.

# ARTICLE VII

## RETENTION OF JURISDICTION OF THE COURT

The Bankruptcy Court shall retain jurisdiction as provided by the Bankruptcy Code and this Plan. The Court shall have the right to approve amendments to the Plan without notice, provided that the proposed amendment is at least as favorable to the creditor affected thereby in this Plan. Such jurisdiction of the Bankruptcy Court shall include, without limitation, the following:

a. To enable any party in interest and the Debtor to consummate any and all proceedings that it may bring prior to confirmation;

b. To hear and determine all Claims, including Claims arising from the rejection of any Executory Contract and any objections which may be made thereto;

c. To liquidate or estimate damages or to determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated Claims;

d. To adjudicate all Claims to any lien on any property of the Debtor or any proceeds thereof;

e. To adjudicate all Claims or controversies arising during the pendency of the Chapter 11 case;

f. The classification or subordination of the Claim of any creditor and the re-examination of any Claim which has been allowed for purposes of determining

acceptance at the time of confirmation and the termination of such objections as may be filed to Claims. Failure of the Debtor to object or to examine any Claim for the purpose of determining acceptance shall not be deemed to be a waiver of the right to object to or re-examine the Claim in whole or in part;

g. A determination of all questions and disputes regarding title as to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to pending action as of the date of confirmation, between the Debtor and any other party, including, but not limited to any right of the Debtor to recover assets pursuant to the provisions of the Code.

h. The correction of any defect, and the curing of any omission or inconsistency in the Plan or the confirmation order as may be necessary to carry out the purposes and intent of the Plan, on notice or ex parte, as the Court shall determine to be appropriate;

i. The modification of the Plan after confirmation, pursuant to the Code and applicable Rules;

j. The enforcement and interpretation of the terms and conditions of the Plan; modification or extension, for cause, of the time fixed for doing any act or thing required by the Plan, on notice or ex parte, as the Court shall determine to be appropriate;

k. Entry of any order including any injunction necessary to enforce the title, rights, and powers of the Debtor and the Reorganized Debtor; entry of an order or orders directing the Debtor and all other persons to execute such documents as are necessary to effect the terms of the Plan; and

l. Entry of an order concluding and terminating this case, including conversion if default is certified by the Office of the United States Trustee.

# ARTICLE VIII

## NOTICING OF INFORMATION TO OFFICE OF THE UNITED STATES TRUSTEE

Post confirmation, all bank summary reports shall be provided to the Office of the United States Trustee.

# ARTICLE IX

## MEANS FOR EXECUTION OF A PLAN

The Debtor considers this Plan to be fair and equitable. The Debtor plans to continue to operate her business with her restructured debt repayment.

# ARTICLE X

## MODIFICATION OF THE PLAN

Modification of the Plan may be proposed in writing by the Debtor at any time before confirmation, provided that such Plan, as modified, meets the requirements of Section 1122 and 1123 of the Code, and the Debtor shall have complied with Section 1125 of the Code.

The Plan may be modified at any time after confirmation, provided that such a Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Code and the Court, after notice and hearing, confirmed such Plan, as modified, under Section 1129 of the Code and the circumstances warrant such modification.

A holder of a Claim or interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless within the time fixed by the Court such holder changes its previous acceptance or rejection.

# ARTICLE XI

## GENERAL PROVISIONS

A. If any payment under the Plan falls due on a non-business day, then such due date shall be extended to the next following business day.

B. Any notice hereunder shall be in writing and if by telegram or telex, shall be deemed to have been given when sent, and if mailed shall be deemed to have been given 3 business days after the date when sent by registered or certified mail,

If to the Debtor: Georgia Dunn Cone
8121 Old Cedar Grove Road
Cross Plains, TN 37049

With a copy to: T. Larry Edmondson, Esq.
Counsel to the Debtors
3rd Fl. 800 Broadway
Nashville, TN 37203

or at such other address (if any) as may have been designated as an address for such purpose, or any address of such party appearing in the records of the party giving such notice.

C. In the event that a holder of any Claim shall transfer such Claim, it shall immediately advise the Debtor in writing of such transfer, and the Reorganized Debtor shall be entitled to assume that no transfer of any Claim has been made by the holder unless and until it shall have received written notice to the contrary. Each transfer of any Claim shall take such Claim subject to the provisions of the Plan and to any request made, waiver or consent given or other action taken hereunder and, except as otherwise expressly provided in such notice, Debtor shall be entitled to assume conclusively that

the transferred party named in such notice shall thereafter be vested with all rights and powers under the Plan of the transferor.

Respectfully submitted,

BY: /s/ Larry Edmondson
T. Larry Edmondson, No. 5601
Counsel to the Debtor
800 Broadway, 3rd Floor
Nashville, TN 37203
Ph: (615) 254-3765
Fax: (615) 254-2072
larryedmondson@live.com

APPROVED:

Georgia Dunn Cone

## Certificate of Service

I hereby certify that on October 6, 2009 a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation the Court's electronic filing system to all parties indicated on the filing receipt. All other parties will be served by U.S. mail, postage prepaid.

/s/ T. Larry Edmondson